# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                    No.  CR-03-2112 MV

JORGE TORRES-LARANEGA, et al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Martin Mendivil's Motion to Dismiss Indictment Due to Prior Dismissal with Prejudice and/or Speedy Trial Violations or in the Alternative to Enter an Order in Limine Prohibiting the Government from Introducing Evidence of the May 17 or 18, 2003 Seizure of Drugs from Defendant ("Motion to Dismiss Indictment") **[Doc. No. 295]**, filed September 14, 2004, and Defendant Jose Francisco Diaz's Notice of Joinder **[Doc. No. 323]**, filed October 5, 2004. The Court, having considered the motions, briefs, relevant law and being otherwise fully informed, finds that Mendivil's Motion to Dismiss Indictment is not well taken and will be **DENIED**.

## BACKGROUND

On May 18, 2003, Defendant Martin Mendivil was stopped at the Las Cruces Border Patrol checkpoint.  During a search of his truck during the stop, agents found 3,400 pounds of marijuana. As a result, also on May 18, 2003, Mendivil was arrested and charged by criminal complaint with violating 21 U.S.C. §841(a)(1) and 841(b)(1)(A), possession with intent to distribute 1,000 kilograms and more of marijuana.  On August 6, 2003, Mendivil was indicted for the same charge.

On September 9, 2003, Mendivil filed a motion to suppress the evidence discovered during the search of his truck.  Before the Court held a hearing on the motion, on October 22, 2003, the government filed a motion to dismiss with prejudice the August 6, 2003 indictment.  In support of its motion, the government explained that:

> subsequent to the indictment returned August 6, 2003, the United States has conducted additional investigation, learned additional facts, and reached certain legal conclusions which cause it to conclude that – even if it is subsequently barred from reinstating the present charge against the Defendant – it is in the interests of the Executive Branch not to proceed with the suppression hearing in this case.

Government's Motion to Dismiss Indictment with Prejudice at 2-3.  The motion also contained a footnote that stated:

> The request that a dismissal be with prejudice comports with the primary rationale for Rule 48(a)'s "leave of court" requirement to protect defendants from the filing, dismissal, and refiling of the same charges and provides a reasoned basis for the Court to grant the present motion.  However, should the Court determine that it requires additional information to go beyond the issue of protection of the Defendant to consider "public interest, fair administration of criminal justice and preservation of judicial integrity," the United States is prepared to file a more detailed statement of its reasons.  *United States v. Strayer*, 846 F.2d 1262, 1265 (10th Cir. 1988) (Rule 48(a) also intended to allow courts to consider these factors).

Government's Motion to Dismiss Indictment with Prejudice at 3 n.1.  On October 23, 2003, an order by United States District Judge Brack was entered dismissing the indictment with prejudice.

Also on October 23, 2003, the grand jury returned an indictment charging nine individuals with violation of 21 U.S.C. §846, conspiracy to possess with intent to distribute 1,000 kilograms of marijuana.  On December 18, 2003, the grand jury returned a superseding indictment.  On February 19, 2004, the grand jury returned a second superseding indictment, in which Mendivil was charged for the first time with violation of 21 U.S.C. §846, conspiracy.  The Fourth Superseding Indictment charges only co-defendants Jorge Torres-Laranega and Edgar Lopez-Hernandez with violation of 21

U.S.C. §841(a)(1), possession of 1,000 kilograms and more of marijuana, for the events surrounding the seizure made during the stop of Mendivil on May 18, 2003.

On September 14, 2004, Mendivil filed the instant motion. The government's reply followed on September 22, 2004. The Court held an evidentiary hearing on October 5 and October 6, 2004. At the conclusion of the hearing, the Court took the motion under advisement.

## DISCUSSION

Mendivil argues that, although the instant action does not specifically reallege the May 18, 2003 charges in any of the four indictments, the government will present evidence that includes the May 18, 2003 charges within the context of a broader conspiracy from June 2002 to November 19, 2003. In addition, Mendivil argues that the government intends to use evidence of the May 18, 2003 incident in its case-in-chief against Mendivil. Mendivil contends that the presentation to the grand jury of evidence of conduct for which charges have been dismissed with prejudice is improper and cannot be the basis for a new indictment for what essentially is the same conduct, even if couched in terms of *conspiracy* of possession with intent to distribute rather than possession with intent to distribute. According to Mendivil, charging him with conspiracy in the instant case based in part on the overt act for which he was charged in the previously dismissed indictment violates the Double Jeopardy Clause. Also according to Mendivil, the fact that he was indicted in the instant case more than seventy days after the indictment in the possession case was dismissed violates the Speedy Trial Act. Finally, Mendivil argues that the government's motion to dismiss the original indictment was made in bad faith and thus in violation of Rule 48(a) of the Federal Rules of Criminal Procedure. As set forth herein, the Court disagrees with each of Mendivil's arguments.

-3-

## I.    **Double Jeopardy**

The Double Jeopardy Clause provides: "[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb."  The Supreme Court has held that conspiracy to commit an offense and the offense itself "are separate offenses for double jeopardy purposes." *United States v. Felix*, 503 U.S. 378, 390-91 (1992).  In *Felix*, the Supreme Court held that "prosecution of a defendant for conspiracy, where certain of the overt acts relied upon by the Government are based on substantive offenses for which the defendant has been previously convicted, does not violate the Double Jeopardy Clause."  *Id.* at 380-81; *see also Pinkerton v. United States*, 328 U.S. 640, 643 ("[T]he commission of the substantive offense and a conspiracy to commit it are separate and distinct offenses . . . [a]nd the plea of double jeopardy is no defense to a conviction for both offenses.").  In *Harvey v. Shillinger*, 76 F.3d 1528 (10th Cir. 1996), *cert. denied*, 519 U.S. 901 (1996), the Tenth Circuit applied *Felix* to hold that prosecuting the defendant for conspiracy to commit kidnapping after the Wyoming Supreme Court vacated his convictions for kidnapping and sexual assault did not violate his right to be protected from double jeopardy.  *See id.* at 1533.

In the indictment dismissed on October 23, 2003, Mendivil was charged with the substantive offense of possession with intent to distribute marijuana.  In the Fourth Superseding Indictment returned in the instant case on August 19, 2004, Mendivil is charged with conspiracy to possess with intent to distribute marijuana.  Thus, for double jeopardy purposes, Mendivil is charged in the instant case with a separate offense from that which was charged in the previously dismissed indictment.  Under the relevant case law, the current prosecution of Mendivil for conspiracy, even though one of the overt acts relied upon by the government is based on the substantive offense for which Mendivil was charged in the previously dismissed indictment, does not violate the Double Jeopardy Clause.

## II.   **Speedy Trial**

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . ."  The right to a speedy trial "attaches only when a formal criminal charge is instituted and a criminal prosecution begins."  *United States v. MacDonald*, 456 U.S. 1, 6 (1982).  "Once charges are dismissed, the speedy trial guarantee is no longer applicable. At that point, the formerly accused is, at most, in the same position as any other subject of a criminal investigation."  *Id.* at 8-9.

In *Harvey*, the defendant contended that he was denied his Sixth Amendment right to a speedy trial by the delay between his original arrest on the substantive kidnapping offense on January 5, 1986, and his second trial on the charge of conspiracy to commit kidnapping on January 8, 1990.  The Tenth Circuit held:

> Because Harvey's original convictions were vacated and conspiracy to commit kidnapping is a separate offense, the speedy trial clock for Harvey's second trial did not start to run until the first filing relating to the conspiracy charge.  Thus, the relevant time period is from the filing of the indictment on the conspiracy charge on July 7, 1989, until the date of the conspiracy trial on January 8, 1990.

*Harvey*, 76 F.3d at 1534.

The case law makes clear that Mendivil's right to a speedy trial in the instant action did not attach until he was charged in the instant action on February 19, 2004.  Similarly, his right to a speedy trial in the action for possession was no longer applicable once the indictment in that prosecution was dismissed on October 23, 2003.  The relevant time period is not from dismissal of the indictment charging Mendivil with possession but rather from the filing of the instant indictment charging Mendivil with conspiracy.  Accordingly, Mendivil's argument that his speedy trial right was violated

due to the delay between the dismissal of the indictment in the possession case and the filing of the indictment in the instant conspiracy case must fail.

## III.   Rule 48(a)

Rule 48(a) of the Federal Rules of Criminal Procedure requires the government to obtain leave of the court before filing a dismissal of an indictment. Specifically, Rule 48(a) provides:

> The Attorney General or the United States attorney may by leave of court file a dismissal of an indictment, information or complaint and the prosecution shall thereupon terminate. Such a dismissal may not be filed during the trial without the consent of the defendant.

The Supreme Court has explained that the "principal object of the 'leave of court' requirement is apparently to protect a defendant against prosecutorial harassment, *e.g.,* charging, dismissing, and recharging, when the Government moves to dismiss an indictment over the defendant's objection." *Rinaldi v. United States*, 434 U.S. 22, 30 n.15 (1977). Rule 48(a) also allows the court "to consider the public interest in the fair administration of criminal justice and the need to preserve the integrity of the courts." *United States v. Carrigan*, 778 F.2d 1454, 1463 (10th Cir. 1985); *see also United States v. Strayer*, 846 F.2d 1262, 1265 (10th Cir. 1988).

In determining whether prosecutorial harassment exists, the key factor is "the propriety or impropriety of the Government's efforts to terminate the prosecution – the good faith or lack of good faith of the Government in moving to dismiss." *United States v. Salinas*, 693 F.2d 348, 351 (5th Cir. 1982). In other words, the government "must not be motivated by considerations 'clearly contrary to the public interest.'" *Id.* Motions to dismiss that are motivated by considerations clearly contrary to the public interest have been described as those "in which the prosecutor appears motivated by bribery, animus towards the victim [of the alleged crime], or a desire to attend a social event rather

than trial." *In re Richards*, 213 F.3d 773, 787 (3rd Cir. 2000) (citing *United States v. Hamm*, 659 F.2d 624, 630 (5th Cir. 1981)).

The court is "vested only with limited supervisory power over prosecutorial charging decisions specifically under Rule 48(a)." *United States v. Robertson*, 45 F.3d 1423, 1437 n.14 (10th Cir. 1995), *cert. denied*, 516 U.S. 844 (1995).  Courts of appeal are in agreement that "refusal to dismiss is appropriate only in the rarest of cases." *In re Richards*, 213 F.3d at 786.  Rule 48(a) is intended to provide a check on the absolute power of the executive branch which nonetheless "remains the absolute judge of whether a prosecution should be initiated and the first and presumptively the best judge of whether a pending prosecution should be terminated." *United States v. Cowan*, 524 F.2d 504, 513 (5th Cir. 1975), *cert. denied sub nom.*, *Woodruff v. United States*, 425 U.S. 971 (1976).  Accordingly, the government's discretion "with respect to the termination of pending prosecutions should not be judicially disturbed unless clearly contrary to manifest public interest." *Id.*  The Tenth Circuit has adopted this rule, holding that the court is "generally required to grant a prosecutor's Rule 48(a) motion to dismiss unless dismissal is 'clearly contrary to manifest public interest.'" *Carrigan*, 778 F.2d at 1463 (citation omitted); *see also Strayer*, 846 F.2d at 1265.

In reviewing the government's motion to dismiss, the court must begin with the presumption that the prosecutor is the best judge of the public interest and that he or she acted in good faith in moving to dismiss the indictment. *See Salinas*, 693 F.2d at 352.  This presumption is rebutted upon an evidentiary showing that the motion is not made in good faith. *Id.*  The government does not bear the burden of proving that dismissal is in the public interest.  *Id.*  The government, however, is obligated to provide its "reasons for seeking to dismiss the indictment and the facts underlying the prosecutor's decision."  *United States v. Derr*, 726 F.2d 617, 619 (10th Cir. 1984).  The

government's reasons must "constitute more than 'a mere conclusory interest.'"  *Salinas*, 693 F.2d at 352.  Based upon the government's statement of reasons and the defendant's response, "the court should determine whether the presumption of good faith is overcome by 'an affirmative reason to believe that the dismissal motion was motivated by considerations contrary to the public interest.'" *United States v. Welborn*, 849 F.2d 980, 984 (5th Cir. 1988) (citation omitted).

In the instant case, Mendivil argues that the government acted in bad faith by moving to dismiss with prejudice the indictment in the original action while simultaneously seeking an indictment in the instant action based on the very same offense conduct.  Mendivil notes that, not only did the government fail to disclose the fact that it was seeking another indictment but also went so far as to include a footnote in its motion stating that dismissal would comport with Rule 48(a)'s requirements that the defendant be protected against prosecutorial harassment and that dismissal would further the public interest, the fair administration of justice and the integrity of the courts.  Mendivil argues that, given the circumstances, this footnote rises to the level of prosecutorial misconduct.  According to Mendivil, it was improper for the government to hold him in custody without bail from May 18, 2003 until October 23, 2003, release him for purely strategic purposes and then reindict him on February 19, 2004, at which time, in reliance on the fact that the original indictment had been dismissed *with prejudice*, he had lived for four months believing that his liberty was no longer at stake.  Mendivil concludes that the government's conduct was not only unfair to him but also compromised the integrity of the judicial system.

The government argues that it acted in good faith in moving to dismiss the original indictment.  Specifically, the government states that it decided to dismiss the action against Mendivil because of concerns that proceeding with that action and, more specifically, litigating the motion to suppress,

would have required the government to reveal the identity of the confidential informant and disclose the ongoing investigation. This, the government argues, would have compromised the investigation and endangered the safety of the confidential informant. The government also explains that it did not give any explanation for its motion to dismiss with prejudice because it believed that putting Mendivil on notice of the indictment on the conspiracy charge effectively would have put all of the members of the alleged Torres organization on notice of the investigation, thereby compromising the investigation and perhaps making it impossible to apprehend any of these individuals. In part, the government's concern was based on the fact that several of the alleged coconspirators had already fled to Mexico in an effort to avoid apprehension after the government seized marijuana that they were transporting in August and September, 2003. Moreover, the government explains that it was concerned about putting these individuals on notice even though an indictment against them had already been returned because that indictment was sealed. In fact, the indictment remained sealed until the defendants were apprehended on November 19, 2003. Accordingly, the government argues, it included the footnote in its motion as a means of representing to the Court that it was moving to dismiss for appropriate reasons and that those reasons could be explained if necessary, while still protecting its investigation and the sealed indictment.

The Court recognizes that, from a practical standpoint, there is no difference between being charged with possession, as Mendivil was in the original indictment, and being charged with conspiracy, as Medivil is in the instant case. Moreover, the Court is sympathetic to the fact that, when Mendivil was released from custody and informed that the charges against him had been dismissed with prejudice, he was given absolutely no notice that he might be charged with conspiracy and that conspiracy is punishable with the same term of imprisonment as is possession. Finally, while

it appeared that the government was surrendering its cause in moving to dismiss, the government in fact gave up nothing, as it retained both the power to bring a conspiracy charge against Mendivil and to continue its investigation undiscovered.

Nonetheless, the government's  stated reasons constitute more than a mere conclusory interest.  Mendivil has not made an evidentiary showing sufficient to rebut the presumption that the government's motion was made in good faith.  Accordingly, the Court finds that the presumption of good faith is not overcome by an affirmative reason to believe that the dismissal motion was motivated by considerations contrary to the public interest.

## CONCLUSION

First, the instant prosecution of Mendivil for conspiracy, even though one of the overt acts relied upon by the government is based on the substantive offense for which Mendivil was charged in the previously dismissed indictment, does not violate the Double Jeopardy Clause.   In addition, Mendivil's Sixth Amendment right to a speedy trial was not violated due to the delay between the dismissal of the indictment in the possession case and the filing of the indictment in the instant conspiracy case.  Finally, Mendivil has failed to rebut the presumption that the government dismissed the previous indictment in good faith.

**IT IS THEREFORE ORDERED** that Defendant Martin Mendivil's Motion to Dismiss

Indictment **[Doc. No. 295]** is hereby **DENIED**.

Dated this 30th day of November, 2004.

_____
MARTHA VÁZQUEZ
CHIEF UNITED STATES DISTRICT JUDGE

Attorneys for Plaintiff:
Ken Gonzales
John G. Crews, III

Attorney for Defendant Jose Francisco Diaz
Anthony White
Attorney for Defendant Edgar Lopez-Hernandez
Joe M. Romero
Attorney for Defendant Jessica Mendoza
Howard Anderson
Attorney for Defendant Jorge Torres-Laranega
Marcia Milner
Attorney for Martin Mendivil
Ken Del Valle